ALICE M. BATCHELDER, Chief Judge,
dissenting.
I concur in section III.C of the majority opinion affirming the district court’s Rule 60(b) order, but I respectfully dissent from the majority’s decision to reverse the district court’s fraud-on-the-court ruling. The record contains evidence indicating that, at the least, counsel acted in reckless disregard for the truth and that they had a duty to disclose to the court the information that was in the settlement agreement. Reviewing the district court’s determination for abuse of discretion with such evidence in the record, I do not have a “definite and firm conviction that the court below committed a clear error in judgment in the conclusion it reached.” Paschal v. Flagstar Bank, 295 F.3d 565, 576-77 (6th Cir.2002).
First, although the district court did not make explicit findings regarding counsels’ intent, the record supports the district court’s conclusion that counsel, on some level, intended to deceive the court. The majority places significant weight on counsels’ choice to bring the settlement agreement to the judge’s chambers, concluding that they must not have had any intent to deceive if they were willing to show it to the court upon its request. However, it is just as reasonable to draw the conclusion that the parties knowingly concealed information they knew the judge would consider material. They brought the settlement agreement with them because they knew the judge might ask to see it, but they obviously preferred that he execute the consent judgment without knowledge of the settlement agreement’s collection-limitation. Where there are two reasonable interpretations of a single act, we cannot say that the district court’s conclusion based on one of the interpretations was a clear error in judgment. United States v. Aguwa, 123 F.3d 418, 423 (6th Cir.1997) *77 (“[I]nasmueh as other interpretation^] might be reasonable, we cannot conclude that the district court committed clear error.”)-
The majority also believes that counsel lacked any deceptive intent because the consent judgment and the settlement agreement were neither false nor deceptive. This conclusion, however, requires a reading of the documents in isolation. When the settlement agreement and consent judgment are read together (something counsel deprived the district court of the opportunity to do), it is clear that the consent judgment takes on a different meaning. In isolation, the consent judgment says that Horizon will pay $376 million to General Medicine. Indeed, this is what the court believed the consent judgment meant. However, when read in light of the settlement agreement, the consent judgment takes on a completely different meaning: Horizon will pay only $300,000— a mere 0.08% of the judgment — and a third party will pay the remaining 99.92%. Because the court read only the consent judgment, it believed that Horizon would be obligated to pay the full amount of the judgment to General Medicine. From the entire record, it is evident that counsel acted with reckless disregard for the truth when they gave the court the consent judgment without the settlement agreement, indicating at best that they failed to “appreciate the high degree of risk” that the district court would believe the consent judgment meant one thing when it in fact meant another. Demjanjuk v. Petrovsky, 10 F.3d 338, 349 (6th Cir.1993).
The majority also reasons that counsel could not have been deceptive because there is nothing dishonest about the $376 million figure. This conclusion, however, misses the critical point. It is immaterial whether the figure is an accurate representation of damages because counsels’ deception does not lie in the substance of the consent judgment but rather in their representation of the judgment to the court. By failing to disclose the substance of the settlement agreement, or any other indication that the consent judgment was limited, counsel led the court to believe that the consent judgment was something it was not — a fairly negotiated figure. Protected by the settlement agreement, Horizon knew it would never be obligated to pay the judgment figure, and, therefore, it had no interest in negotiating that amount. Indeed, General Medicine admits that it refused to negotiate the judgment figure, a fact the majority completely ignores. Had counsel made the district court aware of the settlement agreement’s collection limitation, the court would at least have had the opportunity to determine whether— prior to approving the judgment — the par- ' ties had engaged in arm’s length negotiations in reaching that figure. And even if the amount of damages accounted for in the judgment is accurate, counsel still misrepresented the nature of the consent judgment to the court.
' Finally, the majority concludes that counsel were not dishonest because Horizon is still “on the hook” for the remaining amount of the settlement agreement. This conclusion requires ignoring the plain language of the settlement agreement, which expressly states, “Gen[eral] agrees and covenants that it[] will not enforce, execute against, or attempt to collect in any fashion from Horizon and/or Meadow-brook as a result of or under the consent judgment beyond the amounts identified in paragraph 6(i) below [providing for the $300,000 payment].” The majority reasons that Horizon is still on the hook because the settlement agreement goes on to require Horizon to return any assets it receives as a result of the Alabama action. This clause, however, is not at all dependent on the amount of the consent judg *78 ment. The parties intended Horizon to be on the hook for only two things: the $300,000 payment and the return of any and all assets it receives from the Alabama action. The latter obligation requires Horizon to return all assets it may receive from the Alabama action, even if the value of those assets exceeds $376 million. They never intended Horizon to pay “in any fashion ... as a result of or under the consent judgment” more than $300,000. Any other reading is inconsistent with the express language of the settlement agreement.
Second, I cannot agree with the majority’s conclusion that counsel did not have a duty to disclose. The majority’s conclusion that counsel did not breach a duty to the court because attorneys do not have a duty to disclose settlement agreements is in my view much too narrow a concept of counsels’ duties. It is not the settlement agreement generally that counsel had a duty to disclose, but rather its specific limitation on the collection of the judgment — a material fact that would have affected the court’s adjudication of the issue. Indeed, the district court stated that had it known about the limitation, it would have more thoroughly scrutinized the judgment figure because it would have suspected that the figure was not negotiated at arm’s length, a suspicion that would have been confirmed. The majority’s discussion of counsels’ duties fails to recognize this Court’s explicit statement in Demjanjulc that “[a]s an officer of the court, every attorney has a duty to be completely honest in conducting litigation.” 10 F.3d at 352. Counsel led the court to believe that Horizon would be responsible for paying $376 million, but counsel knew this was not the case. Counsel allowed the court to believe that the judgment figure fairly represented the interests of both parties, but counsel knew that, in reality, the parties did not negotiate the figure and General simply wanted a large judgment so that it could qualify as a creditor in the Alabama action. By withholding this information from the court, counsel breached their duties to be completely honest in conducting litigation. This is even more true in light of the consent judgment’s inclusion of the language “and the court being more fully advised in the premises.” The majority dismisses this language as boilerplate; but because this phrase is so common in consent judgments, it only further indicates that counsel allowed the court to believe that this was a typical consent judgment between two parties who had fairly negotiated the damages figure, when in fact it was not.
In this case, where counsel failed to disclose specific elements of a settlement agreement that radically changed the meaning and effect of a consent judgment presented to the court, the district court was within its discretion to find that counsel violated their duties to be completely honest with the court, regardless of whether there is a specific duty to disclose a settlement agreement.
I respectfully dissent.